| | |
|---|---|
| 1 | Alexander M. Kargher, SBN 259262 |
| | *akargher@sinclairbraun.com* |
| 2 | Lara M. Kruska, SBN 271979 |
| | *lkruska@sinclairbraun.com* |
| 3 | Samantha J. Aceves, SBN 339969 |
| | *saceves@sinclairbraun.com* |
| 4 | SINCLAIR BRAUN KARGHER LLP |
| | 15260 Ventura Blvd., Suite 715 |
| 5 | Sherman Oaks, California 91403 |
| | Telephone:  (213) 429-6100 |
| 6 | Facsimile:  (213) 429-6101 |
| 7 | Attorneys for Plaintiff |
| | JOHN SMITH |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> JANE DOE, an individual, and DOES 1-25, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> **(1) NON-CONSENSUAL DISCLOSURE OF SEXUALLY EXPLICIT INTIMATE IMAGES UNDER 15 U.S.C. § 6851** <br> **(2) NON-CONSENSUAL DISCLOSURE OF SEXUALLY EXPLICIT INTIMATE IMAGES UNDER CALIFORNIA CIVIL CODE § 1708.85** <br> **(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> **(4) INVASION OF RIGHT TO PRIVACY** <br> **(5) CIVIL EXTORTION** <br><br> **JURY DEMANDED** |



**COMPLAINT**



Plaintiff John Smith ("Plaintiff"), by their undersigned attorneys, pleads the following for their complaint against Defendant Jane Doe and DOE defendants 1-25:

## PRELIMINARY STATEMENT

1. Plaintiff is the victim of a dangerous, cruel, and highly indecent use of the internet for the purposes of extortion and revenge.

2. In or around April 28, 2023, Plaintiff learned that someone created two separate websites for the sole purpose of posting a nearly 6-minute-long video of Plaintiff engaged in intimate acts (the "Video").

3. The websites in question displayed nothing else and had no purpose other than to display the Video. The websites' second-level domain names were identical to the name of Plaintiff's company (for privacy purposes, in lieu of stating the name of Plaintiff's company, the company will be referred to hereinafter as "Company")[1], and Plaintiff's company's website (for privacy purposes, in lieu of stating the address of Plaintiff's company's website, the company website will be hereinafter referred to as www.Company.com), but with different top-level domains ("TLDs"), e.g., Company.lol and Company.info, resulting in websites with URLs that are nearly identical to that of, and appear to be owned by, or connected to Plaintiff's business. The offending websites were created, and the Video was posted and displayed the footage for a week without Plaintiff's consent or authorization with the sole purpose of harassing and harming Plaintiff.

4. On information and belief, Plaintiff believes that the websites were created, and the Video was posted by Defendant Jane Doe, with assistance and/or involvement from DOE defendants 1-25 (collectively, the "Defendants").

---

[1] Plaintiff has concurrently filed a Motion to Proceed Under Pseudonym and for Protective Order in connection with this Complaint.

5. A week later, after Plaintiff made several requests to law enforcement and the associated internet service providers to remove the Video immediately, the Video was taken down.

6. The Video was made in a private setting shared by Plaintiff and Defendant Jane Doe, in a private situation, and Plaintiff and Defendant Jane Doe both understood that the Video was intended to be and remain private.

7. Plaintiff has never consented to or given permission to Defendant Jane Doe or anyone else to publicly post, share, publish, or otherwise disseminate the Video. Nor would Plaintiff ever so consent.

8. Defendant knew that Plaintiff reasonably expected the Video to remain private and not to be shared by or with anyone. In fact, Defendant Jane Doe repeatedly used the Video as leverage to extort money and other luxury items from Plaintiff. Over the past decade, Defendant Jane Doe threatened to publish the Video if Plaintiff did not agree to pay Defendant Jane Doe money to which Defendant Jane Doe was not entitled. Plaintiff paid Defendant Jane Doe money as a direct result of Defendant Jane Doe's threats and Plaintiff's fear that Defendant Jane Doe would follow through with those threats.

9. Eventually, Plaintiff grew tired of Defendant Jane Doe's extortion and refused a demand to pay Defendant Jane Doe millions of dollars and give Defendant a luxury car. In response, Defendant Jane Doe and those DOE Defendants working in concert with Defendant Jane Doe established the websites to publish the Video and published the Video thereon.

10. Defendants, and others, also shared the Video within Plaintiff's business community and on social media in order to inflict maximal pain on Plaintiff and harm Plaintiff's business and personal reputation.

11. After holding the prospect of the Video's public dissemination and publication over Plaintiff's head to repeatedly extort money from Plaintiff, when Plaintiff refused to pay, Defendant Jane Doe and those DOE Defendants working in

concert with Defendant Jane Doe publicly posted and disseminated the Video with the intention of harassing, punishing, and obtaining revenge against Plaintiff.

12.     Defendant Jane Doe's obtaining money from Plaintiff by threatening to publicly expose and publish the Video constitutes extortion is not only the basis for a civil action, but also violates California Penal Code Section 518. Defendants' posting of the Video, in addition to constituting an invasion of privacy by making private confidential material public, and constituting intentional infliction of emotional distress, also violates California Civil Code Section 1708.85(a) and California Penal Code Section 647(j)(4).

13.     Now, Plaintiff is forced to initiate legal action to obtain a Court order to force Defendants, affiliates, and any company or companies that may host the footage to be enjoined from publishing or further disseminating the Video.

## PARTIES

14.     Plaintiff John Smith is an individual and is a primary resident of the state of California.

15.     Defendant Jane Doe, on information and belief, is an individual and is a primary resident of the state of California.

16.     Plaintiff is unaware of the true names of the defendants sued herein as DOES 1 through 25 and accordingly sues these defendants by fictitious names. Plaintiff is informed and believes that each of the defendants and DOE defendants and their agents are agents of each other and responsible in some manner for the occurrences and damages alleged in this complaint. Each DOE defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty where based upon agency, ostensible agency, independent contractor status, employment, ownership, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint subject to further discovery, when the DOE defendants' true names and capacities are ascertained.

**JURISDICTION AND VENUE**

17. This is a civil action for the non-consensual disclosure of intimate images through instrumentalities of interstate commerce under 15 U.S.C. § 6851, and the Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the related claims for violations of California statutory and common law alleged herein, because those claims are so related to the Federal claims that they form part of the same case or controversy under Article III of the United States Constitution. 28. U.S.C. § 1367(a).

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts and circumstances giving rise to this action occurred in this District, and Defendants, including Defendant Jane Doe, are subject to personal jurisdiction in this District.

**FIRST CLAIM FOR RELIEF**

**Non-Consensual Disclosure of Sexually Explicit Intimate Images under**

**15 U.S.C. § 6851**

**(Against Defendant Jane Doe and DOE Defendants 1-25)**

19. Plaintiff repeats and realleges paragraphs 1-18 herein.

20. 15 U.S.C. § 6851(b)(1)(A) provides: "an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure, may bring a civil action against that person in an appropriate district court of the United States for relief..."

21. 15 U.S.C. § 6851(a)(5) defines "intimate visual depiction" as "a visual depiction, as that term is defined in section 2256(5) of Title 18, that depicts – (i) the uncovered genitals, pubic area, anus … of an identifiable individual; or (ii) the display or transfer of bodily sexual fluids – (I) on to any part of the body of an

identifiable individual; (II) from the body of an identifiable individual; (III) an identifiable individual engaging in sexually explicit conduct…".

22. The Video contains images of Plaintiff's intimate body parts and contains images of Plaintiff engaged in intimate acts.

23. Defendants created websites on the internet, which is an instrumentality and channel of interstate commerce, and used those websites to publicly post the Video and distribute it nationwide and internationally.

24. Plaintiff had a reasonable expectation that the Video, an intimate video taken in private circumstances, would remain private. The Video was never intended for a public audience.

25. Defendant Jane Doe knew that Plaintiff reasonably expected the Video to remain private and not to be shared by or with anyone. In fact, Defendant Jane Doe repeatedly used the video as leverage to extort money from Plaintiff. Over the past decade, Defendant Jane Doe threatened to publish the Video if Plaintiff did not agree to pay Defendant Jane Doe money that Defendant Jane Doe was not entitled to. Ultimately, Plaintiff grew tired of Defendant Jane Doe's extortion and refused a demand to pay Defendant Jane Doe millions of dollars and give Defendant a luxury car. In response, Defendant Jane Doe and those DOE Defendants working in concert with Defendant Jane Doe established the websites to publish the Video and published the Video thereon.

26. The intent of Defendants was to harass, punish, and obtain revenge against Plaintiff.

27. Plaintiff never consented to the distribution or public posting of the Video.

28. Defendants created the websites and publicly posted the Video, knowing that Plaintiff did not consent to such disclosure, or recklessly disregarding that Plaintiff would not consent to such disclosure.



29. Defendants, and others, also shared the Video within Plaintiff's business community on social media in order to inflict maximal pain on Plaintiff and harm Plaintiff's business and personal reputation.

30. None of the statutory exceptions listed in 15 U.S.C. § 6851(b)(4) are applicable to this claim.

31. In creating the websites and publicly posting the Video, Defendants acted with malice, by intending to cause injury to Plaintiff, and by engaging in the despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff.

32. In creating the websites and publicly posting the Video, Defendants acted with oppression, by engaging in despicable conduct that subjected, and continues to subject Plaintiff to cruel and unusual hardship in conscious disregard of Plaintiff's rights.

33. Plaintiff has been damaged by Defendants' distribution and public posting of the Video and is entitled to actual damages in an amount to be proven at trial, or liquidated damages in the amount of $150,000 as against each, whichever is more.

34. As a result of Defendants' conduct, Plaintiff is also entitled to an award of punitive damages in an amount to be proven at trial.

35. Plaintiff is also entitled to all other relief available at law and equity, including but not limited to a preliminary injunction and a permanent injunction ordering all Defendants, and any websites that could potentially publish the Video, to cease display, distribution, and disclosure of the Video.

### SECOND CLAIM FOR RELIEF
### Non-Consensual Disclosure of Sexually Explicit Intimate Images under California Civil Code § 1708.85
### (Against Defendant Jane Doe and DOE Defendants 1-25)

36. Plaintiff repeats and realleges paragraphs 1- 35 herein.



37. Section 1708.85(a) of the California Civil Code provides: "A private cause of action lies against a person who intentionally distributes by any means a photograph, film, videotape, recording, or any other reproduction of another, without the other's consent, if (1) the person knew, or reasonably should have known, that the other person had a reasonable expectation that the material would remain private, (2) the distributed material exposes an intimate body part of the other person, or shows the other person engaging in an act of intercourse, oral copulation, sodomy, or other act of sexual penetration, and (3) the other person suffers general or special damages as described in Section 48a."

38. Plaintiff had a reasonable expectation that the intimate video taken in private circumstances would remain private. The Video was never intended for a public audience.

39. Plaintiff never consented to the distribution or public posting of the Video.

40. Defendants knew that Plaintiff had a reasonable expectation that the Video would remain private and would never be shared by or with anyone.

41. Defendants' knowledge of the privacy of the Video is evident, as, Defendant Jane Doe repeatedly used the Video as leverage to extort money from Plaintiff. Over the past decade, Defendant Jane Doe threatened to publish the Video if Plaintiff did not agree to pay Defendant Jane Doe increased spousal support. Ultimately, Plaintiff grew tired of Defendant Jane Doe's extortion and refused a demand to pay Defendant Jane Doe millions of dollars and give Defendant Jane Doe a luxury car. In response, Defendant Jane Doe and the other Defendants working in concert with Defendant Jane Doe established the websites to publish the Video. Their intent was to harass, punish, and obtain revenge against Plaintiff.

42. Section 1708.85(b) of the California Civil Code defines "intimate body part" as "any portion of the genitals . . . ."

43. Plaintiff's intimate body parts are visible in the Video.



8
**COMPLAINT**

44. None of the statutory exceptions listed in Section 1708.85(c) of the California Civil Code are applicable to this claim.

45. The Video was not created for public use or distribution.

46. Plaintiff never consented to or provided permission for the release, posting, or distribution of the Video by any means.

47. Plaintiff, as the person shown engaged in intimate acts in the Video, always acted in accordance with Plaintiff's expectation of privacy and did not make the Video accessible to the general public.

48. The Video is not a matter of public concern. The posting of the Video on the internet serves no purpose other than to cause Plaintiff humiliation, personal harm, business harm, reputational harm, and emotional distress.

49. The Video was not taken in a public place; it was taken inside of a private setting shared by Plaintiff and Defendant Jane Doe, where Plaintiff had a reasonable expectation of privacy.

50. Plaintiff is informed and believes that Defendant Jane Doe, and other Defendant workings in concert with Defendant Jane Doe, established the websites and posted the Video on the internet, as Defendant Jane Doe was the only person who had possession and control of the Video.

51. As a result of the non-consensual public posting of the Video, Plaintiff has suffered, and continues to suffer general and special damages within the meaning of Section 48a of the California Civil Code.

52. Plaintiff suffered and continues to suffer general damages in that the publication of the Video has caused and continues to cause him shame, loss of reputation, mortification, hurt feelings, and severe emotional distress.

53. The websites on which the Video was posted bear the same second-level domain name as Plaintiff's company's website, with different top-level domains, resulting in websites with URLs that are nearly identical to that of, and appear to be owned by, or connected to Plaintiff's business. These websites were



intentionally created to create confusion with and association to Plaintiff's company's website.

54. Defendants, and others, also shared the Video within Plaintiff's business community and on social media in order to inflict maximal pain on Plaintiff and harm Plaintiff's business and personal reputation.

55. Plaintiff suffered and continues to suffer special damages as a result of the publication of the Video on these websites, as Plaintiff has suffered harm to their professional reputation and business' reputation. This professional loss is directly attributable to Defendants' actions, and constitutes injury to Plaintiff's "trade, profession or occupation" within the meaning of Section 48a(d)(2) of the California Civil Code.

56. In creating the websites and publicly posting the Video, Defendants acted with malice, by intending to cause injury to Plaintiff, and by engaging in the despicable conduct carried on by Defendant with a willful and conscious disregard of the rights of Plaintiff.

57. In creating the websites and publicly posting the Video, Defendants acted with oppression, by engaging in despicable conduct that subjected, and continues to subject Plaintiff to cruel and unusual hardship in conscious disregard of Plaintiff's rights.

58. Plaintiff has been damaged and continues to be damaged by Defendants' distribution and public posting of the Video. As a result of Defendants' conduct, Plaintiff is entitled to an award of general and special and punitive damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress
### (Against Defendant Jane Doe and DOE Defendants 1-25)

59. Plaintiff repeats and realleges paragraphs 1- 58 herein.



60. Defendants engaged in extreme and outrageous conduct by posting the intimate Video of Plaintiff without consent. This publication has led to unknown numbers of people viewing the intimate Video of Plaintiff engaging in intimate acts, which was shared publicly without Plaintiff's consent.

61. Defendants intended to cause Plaintiff to suffer emotional damage by publicly posting video of Plaintiff engaging in intimate acts without Plaintiff's consent.

62. On information and belief, Defendants were motivated by the desire to get revenge on and hurt Plaintiff.

63. Defendants further caused Plaintiff to suffer emotional distress by intentionally creating the websites, on which the Video was posted, to bear same second-level domain as Plaintiff's company's website, but located at different top-level domains, to create confusion with and association to Plaintiff's company and Plaintiff's business and Plaintiff's career.

64. Defendants, and others, also shared the Video within Plaintiff's business community on social media in order to inflict maximal pain on Plaintiff and harm Plaintiff's business and personal reputation.

65. Defendants knew or should have known that distributing the Video would cause Plaintiff to suffer severe emotional distress.

66. Plaintiff's emotional distress resulted in special damages, including, but not limited to, Plaintiff's loss of reputation and damage to Plaintiff's company and career.

67. In creating the websites and publicly posting the Video, Defendants acted with malice, by intending to cause injury to Plaintiff, and by engaging in the despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff.

68. In creating the websites and publicly posting the Video, Defendants acted with oppression, by engaging in despicable conduct that subjected, and



continues to subject Plaintiff to cruel and unusual hardship in conscious disregard of Plaintiff's rights.

69. As a result of Defendants' conduct, Plaintiff is entitled to an award of general and special and punitive damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

## Invasion of Right to Privacy

## (Against Defendant Jane Doe and DOE Defendants 1-25)

70. Plaintiff repeats and realleges paragraphs 1- 69 herein.

71. Plaintiff always considered the Video to be private material not intended for distribution to the public and conducted themself with an actual expectation of such privacy.

72. Before the misconduct alleged in this complaint occurred, Plaintiff understood that Defendant Jane Doe was the only other person who knew about the Video. Defendant Jane Doe either implicitly or explicitly assured Plaintiff that Defendant Jane Doe considered the Video to be private material.

73. Plaintiff's expectation of privacy in the Video was objectively reasonable, as the typical person would have considered the Video, portraying Plaintiff's intimate body parts and depicting Plaintiff engaged in intimate acts, to be highly personal in nature.

74. By creating the websites at issue in this action and publicly posting the Video, Defendants intruded upon Plaintiff's zone of privacy.

75. Plaintiff is informed and believes that Defendants intruded upon Plaintiff's privacy intentionally (as demonstrated in part by the fact Defendant Jane Doe used the threat of public dissemination of the video to extort money from Plaintiff before later publicly posting and disseminating the Video when Plaintiff refused to continue paying the extortion demands), and that Defendants created the websites, on which the Video was posted, to bear same second-level domain name as Plaintiff's company's website, but with different top-level domains, intentionally



to create confusion with and association to Plaintiff's company and Plaintiff's career.

76. Defendants, and others, also shared the Video within Plaintiff's business community on social media in order to inflict maximal pain on Plaintiff and harm Plaintiff's business and personal reputation.

77. Defendants' misconduct would be highly offensive to a reasonable person.

78. Plaintiff is informed and believes that Defendants engaged in this misconduct willfully and maliciously.

79. Plaintiff was, and continues to be, significantly harmed by Defendants' misconduct.

80. In creating the websites and publicly posting the Video, Defendants acted with malice, by intending to cause injury to Plaintiff, and by engaging in the despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff.

81. In creating the websites and publicly posting the Video, Defendants acted with oppression, by engaging in despicable conduct that subjected, and continues to subject Plaintiff to cruel and unusual hardship in conscious disregard of Plaintiff's rights.

82. As a result of Defendants' conduct, Plaintiff is entitled to an award of general and special and punitive damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
## Civil Extortion
### (Against Defendant Jane Doe and DOE Defendants 1-25)

83. Plaintiff repeats and realleges paragraphs 1- 82 herein.

84. As described herein, the Video was originally taken of Plaintiff by Defendant Jane Doe, in a private situation, and Plaintiff and Defendant Jane Doe understood that the Video was intended to be and remain private.



13
COMPLAINT

85. Plaintiff has never consented to or given permission to Defendants or anyone else to publicly post, share, publish, or otherwise disseminate the Video.

86. Defendant Jane Doe knew that Plaintiff reasonably expected the Video to remain private and not to be shared by or with anyone.

87. Defendant Jane Doe repeatedly threatened to publicly share and disseminate the secret and private Video of Plaintiff engaged in intimate acts to expose Plaintiff to public humiliation and harm Plaintiff's reputation.

88. When making the threats, Defendant Jane Doe intended to use Plaintiff's fear of the Video being exposed to get Plaintiff to consent to give Defendant Jane Doe money and expensive items.

89. Over the past decade, Defendant Jane Doe threatened to publish the Video if Plaintiff did not agree to pay Defendant Jane Doe increased spousal support.

90. Plaintiff did consent to pay and did pay Defendant Jane Doe the demanded money because of Defendant Jane Doe's threats to publish the Video and Plaintiff's fear that noncompliance would result in Defendant Jane Doe following through on those threats and publishing the Video.

91. Eventually, Plaintiff grew tired of Defendant Jane Doe's extortion and refused a demand to pay Defendant Jane Doe millions of dollars that they were not entitled to and also give Defendant Jane Doe a luxury car.

92. In response, Defendant Jane Doe and those DOE Defendants working in concert with Defendant Jane Doe followed through with Defendant Jane Doe's threats and published the Video and shared the Video within Plaintiff's business community on social media in order to inflict maximal pain on Plaintiff and harm Plaintiff's business and personal reputation.

93. Plaintiff has been and continues to be damaged by Defendants' actions.

94. As a result of Defendant's conduct, Plaintiff is entitled to an award of compensatory damages for all monies Defendant extorted from Plaintiff and punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore Plaintiff demands a judgment in Plaintiff's favor, and against Defendant Jane Doe, and DOE defendants, jointly and severally:

A. A preliminary injunction demanding removal of the non-consensually posted Video of Plaintiff engaged in intimate acts from all platforms and websites that are or will be maintained, created, or controlled by Defendant, and ordering the destruction and deletion of all electronic and physical copies of said Video in Defendant's possession during the pendency of this litigation.

B. A permanent injunction demanding removal of the non-consensually posted Video of Plaintiff engaged in intimate acts from all platforms and websites that are or will be maintained, created, or controlled by Defendant, and ordering the destruction and deletion of all electronic and physical copies of said Video in Defendant's possession.

C. Pursuant to 15 U.S.C. § 6851, awarding Plaintiff monetary damages in the amount of $150,000;

D. Pursuant to California Civil Code § 1708.85, awarding Plaintiff general and special monetary damages an amount to be proven at trial.

E. Pursuant to 15 U.S.C. § 6851 and California Civil Code § 1708.85 and any other applicable law, awarding Plaintiff their attorneys' fees;

F. For an award of money judgment for mental pain and anguish and severe emotional distress for the intentional infliction of emotional distress on Plaintiff;

G. For an award of punitive damages;

H. For prejudgment and post-judgment interest at the highest lawful rate on all monetary awards;



  I. Awarding Plaintiff's costs; and

  J. Granting Plaintiff such other and further relief as the Court deems just.

PLEASE TAKE NOTICE that Plaintiff reserves the right to amend or supplement this complaint.

Dated:  June 24, 2023    SINCLAIR BRAUN KARGHER LLP

            By:  _/s/-Samantha J. Aceves_
              ALEXANDER M. KARGHER
              LARA M. KRUSKA
              SAMANTHA J. ACEVES
              Attorneys for Plaintiff
              JOHN SMITH

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated:  June 24, 2023    SINCLAIR BRAUN KARGHER LLP

            By:  _/s/-Samantha J. Aceves_
              ALEXANDER M. KARGHER
              LARA M. KRUSKA
              SAMANTHA J. ACEVES
              Attorneys for Plaintiff
              JOHN SMITH

