| | |
|---|---|
| 1 | Alexander M. Kargher, SBN 259262 |
| | *akargher@sinclairbraun.com* |
| 2 | Lara M. Kruska, SBN 271979 |
| | *lkruska@sinclairbraun.com* |
| 3 | Samantha J. Aceves, SBN 339969 |
| | *saceves@sinclairbraun.com* |
| 4 | SINCLAIR BRAUN KARGHER LLP |
| | 15260 Ventura Blvd., Suite 715 |
| 5 | Sherman Oaks, California 91403 |
| | Telephone:  (213) 429-6100 |
| 6 | Facsimile:  (213) 429-6101 |
| 7 | Attorneys for Plaintiff |
| | JOHN SMITH |
| 8 | |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| JOHN SMITH, | Case No.: 2:23-cv-05033-WLH-RAO |
|---|---|
| Plaintiff, | **APPLICATION TO SEAL DOCUMENTS** |
| vs. | |
| JANE DOE et al., | *(Filed concurrently with [Proposed] Order Granting Plaintiff's Application to Seal Documents; Declaration of Samantha J. Aceves; and Redacted Documents Proposed to be Filed Under Seal)* |
| Defendants. | |





Plaintiff John Smith ("Plaintiff") submits this application to seal the documents filed as ECF Docket No. 21 pursuant to the Order Regarding Motion to Proceed Using Pseudonym and Protective Order (ECF Docket No. 14) and Local Rule 79-5.2.2.

## I. GOOD CAUSE EXISTS TO GRANT PLAINTIFF'S APPLICATION TO SEAL

On August 23, 2023, the Court issued its "Order Regarding Motion to Proceed Under Pseudonym and For Protective Order." [Dkt 14.]  The Order provides that "[a]ll declarations, . . . , or submissions to the Court that cannot be reworded in accordance with the above and that contain any identifying information or characteristics about . . . , Defendant . . . **be redacted and/or filed under seal,** and that no such information is disclosed in any public filing or record, or any attachment to any public filing or record." [Dkt 15 at p. 5.]

This Order was grounded in the Court's finding that good cause exists to allow the parties in this action to proceed pseudonymously. (*See* ECF No. 14, p. 4.) The need for anonymity in this case outweighs prejudice to the opposing parties and the public's interest in knowing the party's identity. (Id.)

Here, the proof of service declaration filed as ECF Docket No. 21 contains identifying information of a defendant to this action and needs to be sealed in accordance with this Court's Order. As the Court noted, given the nature of this action and the risk of harm to the parties, good cause exists to seal these documents to protect the parties of this action to proceed anonymously. (See Declaration of Samantha J. Aceves in support of Application to Seal Documents ("Aceves Dec."), ¶ 2.) Thus, there is an immediate need for the proof of service filed as ECF Docket No. 21 to be sealed. A redacted copy of that proof of service declaration that can be included in the public record is attached as Exhibit A to the Declaration of Samantha J. Aceves, filed in support of this Application.

## II. CONCLUSION

For the following reasons, the Court should grant Plaintiff John Smith's application to seal.

Dated: November 7, 2023      SINCLAIR BRAUN KARGHER LLP

By: _/s/-Samantha J. Aceves_
    SAMANTHA J. ACEVES
    Attorneys for Plaintiff
    JOHN SMITH

