Alexander M. Kargher, SBN 259262
*akargher@sinclairbraun.com*
Lara M. Kruska, SBN 271979
*lkruska@sinclairbraun.com*
Andrew H. Steinberg, SBN 299460
*asteinberg@sinclairbraun.com*
Dean B. Solomon, SBN 316362
*dsolomon@sinclairbraun.com*
Samantha J. Aceves, SBN 339969
*saceves@sinclairbraun.com*
SINCLAIR BRAUN KARGHER LLP
15260 Ventura Blvd., Suite 715
Sherman Oaks, California 91403
Telephone:  (213) 429-6100
Facsimile:  (213) 429-6101

Attorneys for Plaintiff
JOHN SMITH

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| JOHN SMITH,<br><br>                     Plaintiff,<br><br>          vs.<br><br>JANE DOE et al.,<br><br>                     Defendants. | Case No.: 2:23-cv-05033-WLH-RAO<br><br>**EX PARTE APPLICATION TO SEAL ECF # 61 PURSUANT TO AUGUST 23, 2023 COURT ORDER REGARDING MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER [ECF # 14]** |
|---|---|

# EX PARTE APPLICATION

Pursuant to Local Rule 7-19 Plaintiff John Smith ("Plaintiff") respectfully submits this *ex parte* application for an order sealing Defendant Jane Doe's *Ex Parte Application for Motion to Quash Plaintiff's Subpoena* [ECF # 61] on the grounds that it publicly discloses an email address and other information that reveals the identity of the parties in violation of the Court's August 23, 2023 Order.

More specifically, Defendant states in the publicly filed papers that Defendant seeks an order quashing a subpoena that sought email accounts the Defendant says belongs to the parties' child. (*See* ECF # 63, 1:22-24). And Defendant's notice includes the email address itself, which is their child's name. (*See* ECF # 61, 1:23). Given the foregoing, there can be no reasonable dispute that Defendant should have redacted that information in the public filing. Because Defendant did not do so (despite repeated reminders from the Court) and has again violated the Court's order, Plaintiff now seeks an order sealing ECF # 61.

Here, good cause exists to grant the requested relief on an *ex parte* basis, rather than a noticed motion pursuant to Local Rule 7-5, because the information which Defendant failed to file under seal can currently be retrieved by any member of the public to identify the parties involved in this matter at any moment, thereby frustrating the entire purpose of this Court's August 23, 2023 order. As such, there is true exigency in this request.

This Application is based on this notice, the accompanying memorandum of points and authorities, the Declaration of Dean B. Solomon, the records and files of this Court, and all other matters of which the Court may take judicial notice.

Dated:  October 2, 2024                SINCLAIR BRAUN KARGHER LLP


By:  /s/-Dean B. Solomon
ALEXANDER M. KARGHER
LARA M. KRUSKA
DEAN B. SOLOMON
Attorneys for Plaintiff JOHN SMITH

**STATEMENT OF COMPLIANCE WITH LOCAL RULE 7-19**

Pursuant to Local Rule 7-19, on October 2, 2024 at approximately 5:00 p.m. Plaintiff gave notice to defendant Jane Doe ("Defendant") by sending a copy of this filing to Defendant's known email address. (Declaration of Dean B. Solomon ("Solomon Decl.") ¶ 2.) Plaintiff also called Defendant at Defendant's known cellphone number to provide notice of this *Ex Parte* Application to Seal ECF # 61 ("the Application"), however, Defendant did not answer and it is therefore is unknown as of the time of filing whether Defendant intends to oppose the instant application. (*Id.* at ¶ 3.)

Dated: October 2, 2024     SINCLAIR BRAUN KARGHER LLP

By:  */s/-Dean B. Solomon*
ALEXANDER M. KARGHER
LARA M. KRUSKA
DEAN B. SOLOMON
Attorneys for Plaintiff
JOHN SMITH

## MEMORANDUM OF POINTS AND AUTHORITIES

On August 23, 2023, this Court issued an order requiring that all "court decisions, orders, petition, and other documents, including *motions and papers filed by the parties*, be worded so as to protect the name and other identifying characteristics of the Plaintiff and Defendants from public revelation" (ECF # 14, 5:1-4). To the extent that the parties are unable to reword matters, the order requires that all "declarations, evidence, or other documentation or submissions to the Court that cannot be reworded in accordance with the above and that contain *any identifying information or characteristics about Plaintiff, Defendant…***be redacted and/or filed under seal**, and that no information is disclosed in any public filing or record, or any attachment to any public filing or record." (*Id.* at 5:6-11) (emphasis added).

On September 20, 2024, Defendant publicly filed a document titled "Ex Parte Application for Motion to Quash Plaintiff's Subpoena" that included identification of an email address which contains identifying information or characteristics about the name of an individual.[1] (ECF # 61). On the same day, Defendant also publicly filed a document titled "Memorandum of Points and Authorities in Support of Ex Parte Motion to Quash" (hereinafter "Memorandum"). (ECF # 63). Contained within Defendant's Memorandum is discussion and argument that the subpoena in which Defendant asks the Court to quash seeks "the personal email accounts of both Plaintiff and Defendant's [child]…" (*See* Memorandum, 1:22-24).

In reading these two documents together, both of which are filed publicly, the name of Plaintiff and Defendant's child is disclosed. This disclosure will lead to the identification of the parties involved because the ***email address contains the child's first and last name***, and the child shares a last name with one of the parties involved

---

[1] Plaintiff's counsel was first notified of Defendant's Ex Parte on September 24, 2024 at 4:45 p.m., four days after it was apparently filed, when counsel received an electronic filing notification from the Court. This issue was raised in Plaintiff's Opposition to Defendant's Ex Parte. *See* ECF # 65, 3:4-15, citing ECF # 65-1; 65-2/66.



in this matter. Any member of the public, upon learning of the child's full name or reading the email address, will be able to conduct a quick internet search and can easily determine the name of the parties involved in this matter. As such, ECF # 61 should be sealed in accordance with this Court's August 23, 2023 order.

## I. GOOD CAUSE EXISTS TO SEAL A PUBLICLY FILED DOCUMENT THAT VIOLATES A COURT ORDER

Filing an *ex parte* application is justified when "(1) there is a threat of **immediate or irreparable injury**; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989) (emphasis added).

Here, a real emergency exists that can result in immediate and irreparable injury. Defendant has publicly filed a document that identifies an email address that is the subject of a subpoena issued to Google LLC. This email address includes the name of the individual to whom the account supposedly belongs. In a separate public filing, Defendant has argued that this email address belongs to the child of Plaintiff and Defendant. As such, given that the name of the child that can be readily determined by reading the email address, the identities of the parties can be easily determined by a member of the public.

This Court has already made the determination that "Plaintiff's need for anonymity in this case outweighs prejudice to the opposing parties and the public's interest in knowing the party's identity." (*See* ECF # 14, 4:9-11). This Court thereafter ordered that all "declarations, evidence, or other documentation or submissions to the Court that cannot be reworded in accordance with the above and that contain any identifying information or characteristics about Plaintiff,

Defendant…be redacted and/or filed under seal, and that no such information is disclosed in any public filing or record, or any attachment to any public filing or record." (*Id.* at 5:6-11). Because the email address of their child cannot be reworded to conceal the identities of Plaintiff and Defendant, the email address must be redacted and filed under seal in accordance with this Court's order. Defendant did not do this when Defendant filed ECF # 61. As it stands, the docket currently contains identifying information of the parties and any delay in sealing this document will result in immediate injury to Plaintiff by having this information remain available to the public. This frustrates the entire purpose of this Court's August 23, 2023 order and thereby warrants *ex parte* relief.

This is not the first time Defendant has violated this Court's August 23, 2023 order. On November 20, 2023, Defendant filed an Answer to Plaintiff's Complaint (ECF # 24) which contained Defendant's full name, address, and case numbers of other state court actions between Plaintiff and Defendant in violation of this Court's August 23, 2023 order. On November 29, 2023, this Court ordered ECF # 24 sealed and that Defendant re-file the answer by December 15, 2023. On December 14, 2023, Defendant re-filed the Answer (ECF # 31), which again contained Defendant's unredacted address and case numbers of other state court actions between Plaintiff and Defendant in violation of this Court's August 23, 2023 order. On December 26, 2023, this Court ordered that ECF # 31 be sealed because it contained unredacted identifying information of the parties.

Then, on May 5, 2024, Defendant filed an *Ex Parte* Application, which again contained identifying information of a party to this matter. (ECF # 42, 43, 44, 45). On May 13, 2024, this Court again issued an order sealing Defendant's publicly filed documents and issued an order to show cause why sanctions against Defendant should not be issued for the continued failure to comply with the Court's August 23, 2023 order. (ECF # 49). After submitting a declaration in response to the order to show cause, Defendant *again* publicly filed an Answer to the First Amended

Complaint (ECF # 59) that *again* contained Defendant's address. This Court subsequently struck said answer and any potential counter claims for *again* failing to comply with the Court's order, and sanctioned Defendant in the amount of $100 (ECF # 60).

    Now, Defendant has *yet again* filed a document, publicly, that contains information that can be used to identify a party to this action – namely the email address which contains the name of the child of both Plaintiff and Defendant. This is another violation of this Court's August 23, 2023 order. This continued pattern of violations and Defendant's failure to comply with court orders must be stopped.

## II. **CONCLUSION**

    For these reasons, the Court should grant Plaintiff's Application to seal ECF # 61.

Dated: October 2, 2024        SINCLAIR BRAUN KARGHER LLP


By:  /s/-Dean B. Solomon
     ALEXANDER M. KARGHER
     LARA M. KRUSKA
     DEAN B. SOLOMON
     Attorneys for Plaintiff
     JOHN SMITH

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for plaintiff John Smith, certifies that this brief contains 1,129 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 2, 2024                    By: */s/-Dean B. Solomon*
                                               Dean B. Solomon

