UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



FILED

CLERK, U.S. DISTRICT COURT

04/10/2026

CENTRAL DISTRICT OF CALIFORNIA
BY _____GSA_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

JOHN SMITH,

Plaintiff,

v.

JANE DOE, et al.,

Defendants.

Case No.: 2:23-cv-05033-WLH-RAO

## DEFENDANT JANE DOE'S RESPONSE TO ORDER TO SHOW CAUSE

1.      Defendant's non-appearance was not willful and was not intended to disregard the Court's authority or procedures. Defendant was actively attempting to participate in the proceedings from abroad, including submitting a written response to the Court and notifying the Court of her international location outside of the United States and request to appear remotely. Defendant was not provided with instructions or the ability to appear remotely. Under these circumstances, Defendant did not have a practical means to appear at the Case Management Conference.

2.      Defendant is currently residing outside of the United States due to ongoing international contractual commitments. As a self-represented litigant, Defendant has continued to participate in this matter in good faith under these circumstances.

3.      Prior to the Case Management Conference, Defendant submitted a written response through the Court's Electronic Document Submission System (EDSS), as well as by email to the Court on March 30, 2026, copying Plaintiff's counsel, as reflected in Exhibits A, B, and C.

## CLARIFICATION OF DEPOSITION RECORD

4.      Plaintiff's characterization of deposition scheduling is incomplete and omits material portions of the record. Defendant timely provided availability, including confirming availability for a deposition in August 2025, which Plaintiff postponed due to its own scheduling conflict.

Following that postponement, Defendant continued to respond to Plaintiff's inquiries and indicated when updated availability would be provided.

5. Defendant identified multiple available deposition windows in February 2026 in October and November 2025 and repeatedly requested that Plaintiff confirm a date so that Defendant could make necessary international travel arrangements. Defendant made clear that travel would be finalized only upon confirmation of a deposition date by Plaintiff. Following the parties' December 12, 2025 meet-and-confer, Plaintiff did not provide proposed dates, confirmation, or any further response regarding deposition scheduling, as reflected in Exhibit E. Despite these communications, no deposition date was ever confirmed or finalized, and Plaintiff expressly declined Defendant's proposed February 2026 availability, as reflected in Exhibit H.

6. In the absence of any confirmed deposition date, Defendant did not finalize international travel and was not present in the United States in February 2026. As reflected in Defendant's February 2, 2026 correspondence, Defendant's February availability lapsed due to Plaintiff's failure to confirm or coordinate scheduling. Accordingly, any characterization that Defendant "committed" to a February 2026 deposition without qualification is incomplete and does not reflect the full record.

7. At no time did Defendant refuse to appear for deposition. The record reflects that Defendant consistently provided availability, responded to communications, and sought to coordinate scheduling. Any delay resulted from Plaintiff's failure to confirm or follow up regarding deposition scheduling, as reflected in Exhibits E and F, not from any refusal or non-cooperation by Defendant.

8. To the extent Plaintiff's submissions attempt to characterize Defendant as non-cooperative or responsible for delay, such characterizations are incomplete and omit material portions of the parties' communications, including the absence of any confirmed deposition date and Plaintiff's lack of follow-up after the December 12, 2025 meet-and-confer, as reflected in Exhibit E.

9. The record, when viewed in full, reflects that Defendant consistently communicated, provided availability, and attempted to coordinate scheduling. There is no pattern of avoidance; rather, no deposition occurred because no date was ever confirmed by Plaintiff.

**GOOD FAITH PARTICIPATION**

10 Defendant has engaged in meet-and-confer communications, provided discovery responses, and remained responsive throughout the discovery process. Defendant also raised the issue of coordinated deposition scheduling, including reciprocal depositions, during communications with Plaintiff's counsel, which was not addressed or responded to, as reflected in Exhibit E. Notwithstanding the lack of response regarding deposition coordination, Defendant continued to provide availability, follow up regarding scheduling, and attempt to coordinate resolution of outstanding issues.

11.    With respect to trial scheduling, Plaintiff—not Defendant—initiated discussions regarding a continuance of the August 31, 2026 trial date. On February 25, 2026, Plaintiff's counsel proposed multiple alternative trial dates in October through December 2026 and indicated that a stipulation or ex parte application would be required, as reflected in Exhibit G. Defendant responded to Plaintiff's inquiry and identified her availability, including February 2027, in response to Plaintiff's proposed continuance. Defendant did not request a continuance but instead responded to Plaintiff's request for scheduling.

12.    Defendant has previously informed Plaintiff's counsel of her international location, as reflected in Exhibit E, and remains willing to appear remotely if permitted by the Court.

13.    Defendant respectfully submits that her non-appearance did not result in prejudice to the Court or to any party.

**EXHIBITS**

14. Defendant respectfully submits the following exhibits in support of this Response:

15. Exhibit A – Email to the Court dated March 30, 2026 transmitting Defendant's Response to Plaintiff's Ex Parte Application.

16. Exhibit B – EDSS Submission Confirmation (Tracking No. EDS-260403-003-1569).

17. Exhibit C – Email to the Court dated April 3, 2026 regarding Defendant's inability to appear in person and request for remote appearance.

18. Exhibit D – Defendant's Response to Plaintiff's Ex Parte Application, previously submitted to the Court via email on March 30, 2026 and resubmitted via EDSS (Tracking No. EDS-260403-003-1569).

19. Exhibit E – February 2, 2026 correspondence regarding deposition scheduling.

20. Exhibit F – July–August 2025 deposition scheduling communications.

21. Exhibit G – February 25, 2026 trial scheduling correspondence.

22. Exhibit H – October 28, 2025 deposition correspondence.

**REQUEST FOR RELIEF**

26. Defendant acknowledges the Court's Order setting a Show Cause hearing on April 24, 2026. Defendant is currently residing outside of the United States and does not have the practical ability to appear in person on that date. Defendant respectfully requests permission to appear remotely, if permitted by the Court, and remains fully willing to participate in the hearing.

27. Defendant remains committed to complying with all Court orders and to participating in this matter in good faith moving forward.

28. Accordingly, Defendant respectfully requests that the Court discharge the Order to Show Cause and decline to impose any sanctions, as Defendant's non-appearance was not willful and the record reflects good-faith participation in this matter.

Dated: April 10, 2026

Respectfully submitted,

Nanette Van Wyk
Defendant, Pro Se

# EXHIBIT A

## Case No. 2:23-cv-05033-WLH-RAO – Notice Regarding April 3, 2026 CMC  ⅀  Inbox ×

 ▊▊▊▊▊▊▊▊▊▊▊▊▊                                     Apr 3, 2026, 5:26 PM (5 days ago)    ☆    ☺

to efile_CV, Samantha, Dean, Alex, Lara, ▊▊▊▊▊▊▊

Dear Court,

I am currently located internationally and unable to appear in person for the Case Management Conference scheduled for April 3, 2026 at 11:30 a.m.

I remain available to appear remotely if permitted and will be prepared at the scheduled time.

Respectfully,

▊▊▊▊▊▊▊

Defendant, Pro Se

# EXHIBIT B

## Case No. 2:23-cv-05033 – Defendant's Response to Ex Parte Application ⊃

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉                                    📎 Mon, Mar 30, 9:56 PM (9 days ago)

to efile_CV, Samantha, Alex, Lara, Dean, ▉▉▉▉▉

Dear Clerk,

Please find attached Defendant Jane Doe's Response to Plaintiff's Ex Parte Application in Case No. 2:23-cv-05033.

I am appearing pro se and submitting this filing for the Court's consideration.
▉▉▉▉▉▉▉▉▉

Thank you,
▉▉▉▉▉▉▉▉▉

Defendant, Pro Se

# EXHIBIT C

## Submission Confirmation  ⟫  Inbox ×

**Civil Intake** <do-not-reply@cacd.uscourts.gov>

Apr 3, 2026, 10:27 PM (5 days ago)  ☆  ☺  ↩  ⋮

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** ██████████
**Tracking Number:** EDS-260403-003-1569
**Date:** 4/3/2026 7:27:25 AM

Uploaded files:

- **Response_Ex_Parte.pdf**
  *Defendant's Response to Ex Parte Application (Previously Submitted via Email on March 30, 2026)*

The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS will be processed in the order they are received and should be uploaded to CM/ECF within 3-5 business (or court) days after receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

# EXHIBIT D

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN SMITH,

Plaintiff,

v.

JANE DOE, et al.,

Defendants.

Case No.: 2:23-cv-05033-WLH-RAO

DEFENDANT JANE DOE'S RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION

Defendant Jane Doe, appearing pro se, respectfully submits this response to Plaintiff's Ex Parte Application to Set a Case Management Conference and to Extend Discovery Deadlines.

## 1. CLARIFICATION OF POSITION

Defendant does not oppose reasonable adjustments to the case schedule if deemed appropriate by the Court.

However, Defendant respectfully submits this response to clarify certain statements in Plaintiff's Application and to ensure the record is accurate.

## 2. RESPONSE TO STATEMENT OF NON-OPPOSITION

Plaintiff represents that Defendant "does not oppose" the Application.

Defendant clarifies that she previously stated only that she was not in a position to stipulate to the requested relief. Defendant has not affirmatively consented to the Application but does not oppose reasonable scheduling adjustments as determined by the Court.

## 3. DEPOSITION AVAILABILITY

Plaintiff asserts that Defendant was unavailable for deposition prior to the discovery cutoff.

Defendant respectfully clarifies that:

- Defendant provided availability for February 2026 for her deposition;

- Plaintiff declined to proceed during that timeframe;

- Defendant has remained willing to participate in deposition upon reasonable coordination.

## 4. TRIAL AVAILABILITY

Defendant acknowledges that she is unavailable for the currently scheduled August 31, 2026 trial date and certain proposed alternative dates due to previously existing international scheduling commitments.

Defendant has communicated availability for alternative timeframes and remains willing to participate in trial as scheduled by the Court.

5. CONCLUSION

Defendant respectfully requests that the Court consider this clarification of the record in evaluating Plaintiff's Ex Parte Application.

Dated: March 30, 2026

Respectfully submitted,

███████████

Defendant, Pro Se

# EXHIBIT E

John Smith v Jane Doe, et al. // 2:23-cv-05033-WLH-RAO - Re: Deposition Scheduling - Notice of Record  ➤  Inbox ×

  ███████████████████████     Feb 2, 2026, 11:38 PM   ☆  ☺  ↩  ⋮

to Alex, Dean, Lara, Samantha ▾

Dear Alex,

I write to confirm the record regarding deposition scheduling in light of the parties' communications over the past several months.

The deposition originally scheduled for August 2025 was postponed at your request. In October 2025, I identified potential availability windows, including conditional February 2026 dates, all expressly subject to coordination and confirmation.

In December 2025, your office sought to proceed with a deposition on December 13, 2025. I advised the Court that I was not available on that date due to international travel restrictions, unavailability, and existing contractual obligations abroad. The IDC was taken off the calendar by mutual consent.

Following our December 12, 2025 meet-and-confer, and despite prior notices and follow-up communications, your office did not provide proposed dates, confirmation, or any further response regarding deposition scheduling.

In the absence of any confirmed scheduling or follow-up from your office, I did not finalize any international travel arrangements. As a result, I will not be in the United States in February 2026. My February availability was expressly conditional and lapsed when no coordination or confirmation occurred.

As discussed during the December meet-and-confer, I raised the issue of reciprocal deposition scheduling which went unanswered. Given that Plaintiff initiated this action, reciprocal depositions with Plaintiff's deposition proceeding first are procedurally appropriate and consistent with principles of fairness, proportionality, and orderly discovery, as courts address deposition sequencing under Federal Rule of Civil Procedure 26(c).

During that same discussion, you further asked whether I would be willing to discuss an adjustment to the August 2026 trial date in light of discovery timing. I indicated that I was open to such a discussion.

This summary is consistent with the parties' prior communications regarding deposition scheduling. I expressly reserve all rights with respect to deposition scheduling and any objection to a unilateral deposition notice or related motion that does not reflect the procedural history outlined above.

Sincerely,

████████████████

Defendant, In Pro Per

# EXHIBIT F

████████████████████████                                        Jul 26, 2025, 2:52 AM

to Dean, Alex, Lara, Samantha ▾

For planning purposes , following up on dates given between August  10 -22 for deposition.

Please advise which date.

On Jul 23, 2025, at 8:34 AM, ████████████████████████ ▸ wrote:

Any day for the week August 18 - 22 works. Let me know

**Dean Solomon** <DSolomon@sinclairbraun.com>                    Jul 29, 2025, 7:08 AM

████ Alex, Lara, Samantha ▾

████████████████

Please reserve August 20, 2025 for your deposition beginning at 10:00 a.m. at our office in Sherman Oaks. Formal notice will follow.

Thank you,

████████████████████████                                        Jul 31, 2025, 12:02 AM    ☆

to Dean, Alex, Lara, Samantha ▾

Received. Confirm.

From: Alex Kargher <AKargher@sinclairbraun.com>
Date: August 13, 2025 at 12:37:20 PM MST
████████████████████████
Cc: Dean Solomon <DSolomon@sinclairbraun.com>, Lara Kruska <LKruska@sinclairbraun.com>, Samantha Aceves <SAceves@sinclairbraun.com>
Subject: RE: John Smith v. Jane Doe, V.Y., B.F. / 2:23-cv-05033-WLH-RAO meet -and confer update - Production

████████████

We have to postpone next week's deposition due to an unanticipated conflict that arose this morning. Please let us know your availability on the following dates: September 16, 18,  25, 26, 29, 30. We apologize for any inconvenience.
Very truly yours,
Alex

# EXHIBIT G

**Lara Kruska** <LKruska@sinclairbraun.com>                                          Feb 25, 2026, 3:25 AM    ☆   ☺   ↩   ⋮

▮ Dean, Samantha, Alex ▾

▮▮▮▮▮▮▮

We currently have trial set to start on August 31, 2026, and it is estimated to take seven days. We wanted to reach out to see if any of the following days will work for you as the new start date in 2026:  October 19,  October 26, November 2, November 9, or December 7.

Please let us know your availability for the proposed trial continuance as soon as possible, since we will need to submit a joint stipulation to the court to request the new scheduling or seek ex parte relief.

Sincerely,

Lara M. Kruska

# EXHIBIT H

**Lara Kruska** <LKruska@sinclairbraun.com>                    Oct 28, 2025, 7:37 AM

████████████ @gmail.com, Alex, Dean, Lisa ▾

████████████

Thank you for your response. We will not wait until February 2026 to take your deposition. We expect you to show up on November 13, 2025 as noticed, or to provide us with an alternate date from one of the following:  November 11, 12, 14, 17, 20, or 21. If you do not, then we will seek a court order compelling you to sit for deposition.